UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE A. BELL,

    Plaintiff,

vs.

VALEO CLIMATE CONTROL
USA DIVISION, *et al.*,

    Defendants.

Case No. 1:06-cv-448

Dlott, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS TO DISMISS (Docs. 7, 9) BE GRANTED**

Plaintiff initiated this action on July 12, 2006 by filing a *pro se* complaint against defendants Valeo Climate Control USA Division ("Valeo"), Dennis Clark, Kelly Dixon, Scott Dickerson, Rodney Everson, Steffon Rodgers, and Vontress Richmond for alleged disability discrimination, harassment and retaliation in connection with her employment at Valeo, in violation of Title VII, 42 U.S.C. 2000e-5(f) and the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12112. (Doc. 3.)

Now before the Court are motions to dismiss plaintiff's complaint for failure to state a claim and for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b) and 12(b)(6) filed by defendants Dennis Clark, Kelly Dixon, Scott Dickerson, Rodney Everson, Steffon Rodgers, and Vontross Richmond (*see* docs. 7, 9), and the parties' responsive memoranda (docs. 23, 24.)

**I**.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff is a current employee of Valeo, where she works as an hourly team member. On March 9, 2006, Plaintiff filed a Charge of Discrimination with the EEOC against Valeo, alleging that she was subjected to harassment and hostile treatment, was assigned to work that violated her disability restrictions, and was subjected to racial comments by a co-worker. (*See* Doc. 9, Ex. A.) Plaintiff also alleged that she was discriminated against for having served as a witness for an employee who had made a complaint of employment discrimination. (*Id.*).

On April 19, 2006, the EEOC dismissed plaintiff's charge and issued a Right to Sue letter. (Doc. 9, Ex. B.) Plaintiff then filed the instant action on July 12, 2006, alleging claims of harassment, disability discrimination and retaliation. Plaintiff's complaint names Valeo and six individual Valeo employees as defendants.

In response, the six individual defendants argue that they cannot be held personally liability under Title VII and/or the ADA, and that the claims against these defendants should be dismissed. The undersigned agrees, and for the reasons that follow, recommends that defendants' motions to dismiss be granted.

**II.**

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because plaintiff brings this case *pro se*, the Court liberally construes the allegations in his favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se*

pleadings should be construed more liberally than pleadings drafted by lawyers). "A pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### III.

To the extent that plaintiff is attempting to bring Title VII and/or ADA claims against the individual defendants, the claims against those defendants should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon with relief can be granted. *See Wathen v. General Electric Co.*, 115, F.3d 400, 404 n.6, 405 (6th Cir. 1997) (Title VII does not provide for individual liability); *see also Liggins v. State of Ohio*, 210 F.3d 372, 2000 WL 178420, **2 (6th Cir. 2000) (district court properly dismissed [plaintiff's] Title VII claims against the individual defendants because "the named defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination"); *Powell v. Morris*, 184 F.R.D. 591, 596 S.D. Ohio 1998) ("there is no individual liability under the ADA").

Accordingly, the undersigned finds that the individual defendants cannot be held liable under Title VII and/or the ADA, and, therefore, the claims against them are

properly dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motions to dismiss (docs. 7, 9) be **GRANTED,** and defendants Dennis Clark, Kelly Dixon, Scott Dickerson, Rodney Everson, Steffon Rodgers, and Vontress Richmond be **DISMISSED** from this action.

Date: December 20, 2006                  s/Timothy S. Black
                                                                     Timothy S. Black
                                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE A. BELL,

        Plaintiff,

vs.

VALEO CLIMATE CONTROL
USA DIVISION, *et al.*,

        Defendants.

Case No. 1:06-cv-448

Dlott, J.
Black, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).