UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE A. BELL,

    Plaintiff,

vs.

VALEO CLIMATE CONTROL
USA DIVISION, *et al.*,

    Defendants.

Case No. 1:06-cv-448

Dlott, J.
Black, M.J.

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 41) BE DENIED

Plaintiff initiated this action on July 12, 2006 by filing a *pro se* complaint against defendants Valeo Climate Control USA Division ("Valeo"), Dennis Clark, Kelly Dixon, Scott Dickerson, Rodney Everson, Steffon Rodgers, and Vontress Richmond for alleged disability discrimination, harassment and retaliation in connection with her employment at Valeo, in violation of Title VII, 42 U.S.C. 2000e-5(f) and the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12112. (Doc. 3.)[2]

Now before the Court is defendant Valeo's motion to dismiss plaintiff's complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure for failure to provide complete discovery responses and/or for failure to prosecute this action.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Defendants Dennis Clark, Kelly Dixon, Scott Dickerson, Rodney Everson, Steffon Rodgers, and Vontress Richmond be **DISMISSED** from this action on January 8, 2007.  *See* docs. 28, 31)

**I**.

On December 20, 2006, Valeo served upon plaintiff its First Set of Interrogatories and its First Request for Production of Documents. Thereafter, on January 29, 2007, Valeo filed its Initial Disclosure with the Court, and served them on plaintiff that same date. Also on that date, plaintiff served her discovery responses on Valeo. However, the responses were incomplete. Valeo made numerous attempts to secure full and complete responses to its discovery, but was unsuccessful.

Ultimately, Valeo filed a motion to compel plaintiff's discovery responses, as well as her initial disclosures. Valeo's motion was granted, and plaintiff was Ordered to submit complete discovery responses on or before May 23, 2007. (*See* Doc. 40.)

However, despite the Court Order, Valeo maintains that plaintiff failed to file full and complete initial disclosures, supplement her interrogatory answers, and/or respond in any way to Valeo's First Request for Production of Documents. Valeo further asserts that Plaintiff has failed to provide releases for all her treating physicians and has failed to make a settlement demand.

Based upon plaintiff's failure to provide complete discovery responses and comply with the Court's Order, Valeo filed the instant motion to dismiss plaintiff's complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. For the reasons that follow, the undersigned finds that Valeo's motion is not well-taken.

**II.**

Under Fed.R.Civ.P. 37, a district court is afforded discretion in choosing an appropriate sanction to impose on a party that fails to comply with its orders or participate in discovery. *Bass v. Jostens, Inc*., 71 F.3d 237, 241 (6th Cir.1995). To determine the proper sanction, if any, the Court must look to the party's reasons for such failure to comply. Central to the determination of the appropriate sanction is the willfulness or lack of good faith manifested by the party's conduct. *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958).

As noted by the Sixth Circuit, "dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is conscious and intentional failure to comply with the court order." *Bass,* 71 F.3d at 241 (citing *Brookdale Mill, Inc. v. Rowley*, 218 F.2d 728, 729 (6th Cir.1954));

Four factors should be considered when deciding whether to dismiss under Rule 37(b)(2): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Bass,* 71 F.3d at 241; *Bank One of Cleveland,* 916 F.2d at 1073; *Stough v. Mayville Community Sch.,* 138 F.3d 612, 615

(6th Cir.1998).

Dismissal of a party's complaint is a drastic sanction that should be considered with caution and entered only in extreme cases. *See Reg'l Refuse*, 842 F.2d at 154 (6th Cir.1988) ("the most severe in the spectrum of sanctions"); *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir.1985) ("Dismissal of an action for failure to cooperate in discovery is a sanction of last resort.")*; see also The Proctor & Gamble Co. v. Haugen*, 427 F.3d 727 (10th Cir.2005) ("Dismissal with prejudice represents an extreme sanction and thus is considered appropriate only in cases involving willfulness, bad faith, or some fault on the part of the party to be sanctioned")(internal citations and quotations omitted).

Ultimately, the decision whether to dismiss a case for failure to prosecute is consigned to the discretion of the Court. Fed. R. Civ. P. 41(b).

## III.

Here, upon careful review of the evidence, there is no indication that plaintiff's failure to provide complete discovery responses was due to bad faith (or willfulness). In her responsive memoranda, plaintiff asserts that she has made many attempts to retrieve information and respond to Valeo's requests. Plaintiff further asserts that she provided medical releases in June 2007.[3] Additionally, it appears that plaintiff filed several pages of responsive documents on June 6, 2007. (*See* Doc. 42.)

---

[3] However, Valeo maintains that they have not received any records.

In light the Sixth Circuit's "strong preference that claims be adjudicated on their merits," *see Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003), the undersigned does not find that Plaintiff's conduct warrants dismissal of her case nor the imposition of sanctions at this time.  However, Plaintiff is cautioned (and warned) that failure by her to abide by the Federal Rules of Civil Procedure in the future could result in the Court dismissing her lawsuit.

Accordingly, in light of the facts and circumstances of this case, the undersigned hereby **RECOMMENDS** that defendant's motion to dismiss (doc. 41) be **DENIED.**


Date: February 26, 2008                        s/Timothy S. Black
                                                                          Timothy S. Black
                                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE A. BELL,

       Plaintiff,                                             Case No. 1:06-cv-448

       vs.                                                     Dlott, J.
                                                             Black, M.J.

VALEO CLIMATE CONTROL
USA DIVISION, *et al.*,

       Defendants.

## NOTICE

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).